FILED

10/28/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 24-0639

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, Montana 59624
Tel: (406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * * *

| | |
|---|---|
| IN THE MATTER OF TYLER T. DUGGER, | Supreme Court Cause No. _____ |
| An Attorney at Law, | ODC File No. 23-179 |
| Respondent. | **COMPLAINT** |
| | **Rules 1.3, 1.4, 3.2, 1.16, MRPC** |

By leave of the Commission on Practice granted on October 8, 2024, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Tyler T. Dugger with professional misconduct as follows:

**General Allegations**

1. Tyler T. Dugger, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2015, at which time Respondent took the oath required for admission, wherein Respondent agreed to abide by the Rules

*Complaint* - Page 1

of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. In September 2023, ODC received a grievance against Respondent, filed by attorney Eric Nord ("Nord") on behalf of Respondent's former client D.D.

4. On October 21, 2021, on behalf of D.D., Respondent filed a breach of contract case regarding a real estate purchase contract in Yellowstone County District Court. On January 13, 2022, Respondent filed a substitution of counsel informing the Court that all future communication should be directed to his new law firm, Dugger & Associates.

5. On December 29, 2022, the opposing party in the lawsuit filed a Motion for Summary Judgment, brief in support and affidavits alleging, in part, that the matter had not been resolved between the parties and the original contract had expired. The Motion further requested the Court dismiss the Complaint and requested attorney fees. On March 13, 2023, the opposing party in the lawsuit filed a Reply Brief noting that Respondent had not responded to the Motion to Dismiss.

On May 11, 2023, the opposing party filed a Brief Requesting Order since Respondent's response due by January 21, 2023, had still not been filed. On May 24, 2023, the Court issued its Order of Summary Judgment granting the opposing party's motion. Two (2) days later, the Court entered the Judgment to Dismiss with Prejudice.

6. On September 20, 2023, Nord, on behalf of D.D., filed a Motion to Set Aside Summary Judgment Order. However, the motion was withdrawn two (2) days later after Nord was informed that the property at issue had already been sold and transferred to a new buyer.

7. In his Reply to ODC, Respondent offers numerous details on the complicated factual and legal issues involved in the case for which he was retained; however, he provides no explanation for why he failed to respond to the opposing parties Motion to Dismiss or maintain communication with his client. He provided his client file which contained all of the court documents demonstrating that Respondent had received them.

## Count One

8. ODC realleges and incorporates paragraphs 1 through 7 of the General Allegations as if fully restated in this Count One.

9. In this matter, Respondent did nothing after filing the Complaint and engaging in minimal settlement discussions at the outset of the representation. He

did not respond to email communication from the opposing party or to the Court filings. Though Respondent initiated the lawsuit, he failed to follow through.

10. Respondent does not answer these allegations in his Responses to ODC. He explains the problems and complications of the lawsuit that made it a difficult case to pursue. He notes his own busy trial schedule but does not answer why he did not respond to the Motion for Summary Judgement or inform his client of it being filed. Respondent had notice and received the Motion.

11. Respondent's conduct outlined above constitutes a violation of Rule 1.3, Diligence; and Rule 3.2, Expediting Litigation; MRPC.

### Count Two

12. ODC realleges and incorporates paragraphs 1 through 7 of the General Allegations and paragraphs 8 through 11 as if fully restated in this Count Two.

13. Respondent failed to inform his client of dispositive court filings or of any of the contacts from the opposing party. Respondent does not provide any explanation for his failure to communicate vital case information to his client. Additionally, upon receiving Respondent's client file, ODC confirmed there was very little communication with D.D. Importantly, there was none after the Motion for Summary Judgment was filed.

14. Respondent's conduct outlined above constitutes a violation of Rule 1.4, Communication; MRPC.

## Count Three

15. ODC realleges and incorporates paragraphs 1 through 7 of the General Allegations and paragraphs 8 through 14 as if fully restated in this Count Three.

16. Though Respondent articulated a number of difficulties regarding his client's case, he did not withdraw from the representation due to any of those difficulties. It does not appear that he even communicated those concerns to his client. He certainly did not protect his client's interest in the litigation, as the property at issue in the litigation was sold to another buyer.

17. Respondent's conduct outlined above constitutes a violation of Rule 1.16, Declining or Terminating Representation; MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature

and extent of appropriate disciplinary action, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 28 day of October, 2024

OFFICE OF DISCIPLINARY COUNSEL

By: _____

Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 6

# CERTIFICATE OF SERVICE

I, Pamela D. Bucy, hereby certify that I have served true and accurate copies of the foregoing Complaint - Formal Complaint and Citation to Appear to the following on 10-28-2024:

Commission on Practice (Other)
301 S. Park Ave. Suite 328
P.O. Box 203005
Helena MT 59601
Representing: Self-Represented
Service Method: E-mail Delivery

Shelly Smith (Court Reporter)
Office Administrator
Supreme Court Boards and Commissions
P.O. Box 203002
301 S. Park Ave., Ste. 328
Helena MT 59624
Service Method: eService
E-mail Address: shellysmith@mt.gov

Electronically signed by Shelby Streib on behalf of Pamela D. Bucy
Dated: 10-28-2024